UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAO BAI,<br><br>                     Petitioner,<br><br>          v.<br><br>TODD BLANCHE, ET AL.,<br><br>                     Respondents. | Case No. 5:26-cv-01630-MEMF (MAR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. No objections have been filed.  The Court accepts the findings and recommendation of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that judgment be entered **GRANTING** the Petition and **ORDERING** Respondents to release Petitioner from custody (and return to him his personal belongings) forthwith, and not re-detain him absent compliance with the Fifth Amendment, 8 C.F.R. § 241.4, and 8 C.F.R. § 241.13(i).

Respondents shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing.[1]

Dated: April 22, 2026

_____

HONORABLE MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[1] Restraints not shared by members of the public renders an individual in custody within the meaning of 28 U.S.C. § 2241. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345, 351 (1973) (holding that a person is in custody if the person "is subject to restraints 'not shared by the public generally'" and the person's "freedom of movement rests in the hands of state judicial officers"); *Jones v. Cunningham*, 371 U.S. 236, 238-39 (1963) (finding that the "chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail. Yet English courts have long recognized the writ as a proper remedy even though the restraint is something less than close physical confinement"). As such, prospective release restrictions, such as electronic monitoring constitute liberty constraints which do not afford petitioners complete relief.

2